# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **ERIC SCOTT FRAZIER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:09-0711 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On June 24, 2009, Petitioner,[1] acting *pro se*, filed in the Western District of Virginia a "Motion for Consideration for Early Release."[2] (Document No. 2.) Petitioner argues that the Bureau of Prisons [BOP] is improperly denying him a sentence reduction pursuant to 18 U.S.C. § 3621. (Id., pp. 1 - 3.) Petitioner explains that the BOP erred by considering his sentence enhancement for possession of a firearm when determining whether he qualified for early release under the RDAP. (Id.) Specifically, Petitioner states as follows:

> Petitioner states that he was enhanced for possession of a firearm (which under federal statute is non-violent). The FBOP re-constructs the federal statute and interprets that possession of a firearm is violent and refused to give the 12 months

---

[1] On May 16, 2007, Petitioner pled guilty in the United States District Court for the Western District of Virginia to one count of possession with the intent to distribute cocaine base, cocaine hydrochloride, in violation of 21 U.S.C. § 841(b)(1)(B) (Count One); and possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (Count Two). On November 19, 2007, the District Court sentenced Petitioner to a 62-month term of imprisonment as to each count, to run concurrently. *United States v. Fraizer*, Case No. 3:07-cr-00012 (W.D.Va. Nov. 19, 2007). The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on July 29, 2011.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

   credit off petitioner's sentence. On February 20, 2008, in <u>Arrington v. Daniels</u>, 516 F.3d 1106 (9th Cir. 2008), the Ninth Circuit Court of Appeals declared 28 C.F.R. § 550.58(a)(vi)(B) (2000) invalid. That provision excludes inmates from early release eligibility pursuant to 18 U.S.C. § 3621(e)(2)(B) for successfully completing the RDAP program in their current offense is a felony that involved the carrying, possession or use of a firearm or other dangerous weapon or explosives.

(<u>Id.</u>, p. 3.) Accordingly, Petitioner requests that the BOP grant him "a reduction of one year from the petitioner's sentence." (<u>Id.</u>)

  By Order entered on June 24, 2009, the District Court for the Western District of Virginia construed Petitioner's Motion as Section 2241 Petition and transferred this matter to this District as Petitioner was incarcerated at FCI Beckley. (Document No. 1.)

  On October 20, 2009, Petitioner filed a Supplement to his Section 2441 Petition. (Document No. 4.) Petitioner clarifies that he is "requesting early release consideration under <u>Arrington v. Daniels</u> decision pursuant to 18 U.S.C. § 3621(e)."[3] (<u>Id.</u>, p. 1.) As an Exhibit, Petitioner attaches a copy of his Certificate of Completion regarding the 500 Hour Residential Drug Abuse Program. (<u>Id.</u>, p. 2.)

---

  [3] To the extent Petitioner relies upon *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), the undersigned notes that it is inapposite and District Courts within this Circuit have found that "the decision in *Arrington* is misguided due to binding precedent from the Supreme Court and the Fourth Circuit." *Minotti v. Whitehead*, 584 F.Supp.2d 750 (D.Md. 2008); *also see Brooks v. Berkebile*, 2010 WL 3521581 (S.D.W.Va. Aug. 16, 2010); *Holland v. Federal Bureau of Prisons*, 2009 WL 2872835 (D.S.C. Sept. 2, 2009)(slip copy)(finding that petitioner's petition should be dismissed because (1) his claim "based on *Arrington's* conclusion that § 550.58 violated the APA fails because the regulation satisfies the Fourth Circuit's requirement that the agency's rationale be 'reasonably discernable,'" and (2) "the newly adopted § 550.55 contains a detailed explanation and may be applied retroactively"); *Johnson v. Ziegler*, 2009 WL 1097530(N.D.W.Va. April 22, 2009)(slip copy)(finding that *Arrington* was unpersuasive and declined to follow its holding); and *Hicks v. Federal Bureau of Prisons*, 603 F.Supp. 2d 835 (D.S.C. 2009)("Applying the standard articulated by the Fourth Circuit [that an agency's rationale for its decision be reasonably discernable], the Court concludes that the BOP's rule provides a sufficient rationale for excluding persons convicted under § 924(c) from early release consideration."), *aff'd*, 358 Fed.Appx. 393 (4th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S.Ct. 3442, 177 L.Ed.2d 347 (2010).

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[4] See e.g.,

---

[4] The undersigned further notes that Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. *See Mallette v. Arlington County Employees' Supplemental Ret. Sys.*

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court,

---

*II*, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: June 1, 2012.

R. Clarke VanDervort
United States Magistrate Judge